IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Amenetta Holsey, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   17 C 2878 |
| Transworld Systems, Inc., a California corporation, and Asset Recovery Solutions, LLC, an Illinois limited liability Company, | ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Amenetta Holsey, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Amenetta Holsey ("Holsey"), is a resident of the District of Columbia, from whom Defendants attempted to collect a delinquent consumer debt that was allegedly owed for a student loan, despite the fact that she had exercised her right, pursuant to the FDCPA, to be represented by the attorneys at the Student Loan Protection Program ("SLPP"), located in Chicago, Illinois.

4. Defendant, Transworld Systems, Inc. ("Transworld"), is a California corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Transworld operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Transworld was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Asset Recovery Solutions, LLC ("ARS"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Des Plaines, Illinois, ARS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ARS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendants Transworld and ARS are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct extensive and substantial business in Illinois.

7. Defendants Transworld and ARS are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional

Regulation, attached as Group Exhibit B. In fact, both Defendants act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Holsey fell behind on paying her bills, including a debt she allegedly owed for a student loan. Defendant Transworld thereafter began trying to collect this delinquent debt from Ms. Holsey by sending her a collection letter, dated April 13, 2016. A copy of this letter is attached as Exhibit C.

9. Accordingly, on April 26, 2016, Ms. Holsey's attorney informed Transworld, in writing, that Ms. Holsey was represented by counsel, and that Transworld should not contact Ms. Holsey, and to direct all further collection activities to her attorneys, because Ms. Holsey was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit D.

10. Nonetheless, Defendant Transworld then directed Defendant ARS to collect the student loan from Ms. Holsey. Accordingly, on April 6, 2017, ARS sent Ms. Holsey an initial collection letter and called her, from phone number 847-257-8335 to demand payment of the student loan debt. A copy of this letter is attached as Exhibit E.

11. Accordingly, Ms. Holsey's attorneys had to write to Defendants Transworld and ARS to again demand that they cease communications. Copies of these letters and fax confirmations are attached as Group Exhibit F.

12. Defendants' violations of the FDCPA was material because, although Plaintiff had been informed by counsel and believed that she had the right to demand the collection communications made directly to her cease and, instead, be directed

towards her attorneys, Defendants' continued collection communication made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

13. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications, see, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Holsey's attorney/agent, told Defendants to cease communications with Ms. Holsey (Exhibit D). By continuing to communicate with

4

Ms. Hosley, via a collection letter and a telephone call, regarding collection of the debt at issue, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew that Ms. Holsey was represented by counsel in connection with her debt because her attorneys at SLPP had informed Defendants, in writing (Exhibit D), that she was represented by counsel, and had directed that all communication with her had to cease. By directly writing and calling Ms. Holsey, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Amenetta Holsey, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Ms. Holsey and against Defendants, Transworld and ARS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Amenetta Holsey, demands trial by jury.

Amenetta Holsey,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 17, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com